IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| E.O.R. ENERGY L.L.C., and<br>AET ENVIRONMENTAL, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALEC MESSINA, as Director of<br>Illinois Environmental Protection<br>Agency, and ILLINOIS<br>ENVIRONMENTAL PROTECTION<br>AGENCY,<br><br>    Defendants. | No. 3:16-CV-03122 |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss First Amended Complaint (d/e 18) filed by Defendants Lisa Bonnett, as the former Director of the Illinois Environmental Protection Agency (IEPA), and the IEPA.  The suit was brought against Bonnett in her official capacity.  Pursuant to Federal Rule of Civil Procedure 25(d), Bonnett's successor, Alec Messina, is automatically substituted as a party.

The Motion to Dismiss First Amended Complaint is GRANTED. Plaintiffs have failed to allege an actual controversy and, therefore, the Court lacks jurisdiction over Plaintiffs' claims. Plaintiffs' First Amended Complaint is dismissed without prejudice and with leave to replead.

## I. BACKGROUND

In September 2016, Plaintiffs E.O.R. Energy, L.L.C. (EOR) and AET Environmental, Inc. (AET) filed the First Amended Complaint. EOR is a small, independent oil and gas producer. First Am. Compl. ¶10. EOR conducts what is called "acidization," which EOR defines as the introduction of various acidic solutions into oilfields to enhance secondary and tertiary oil recovery. Id. ¶¶ 2, 3. AET is a material broker permitted under the U.S. Environmental Protection Agency to handle, transport, and store solid and hazardous wastes and permitted by the U.S. Department of Transportation to handle, transport, and store hazardous materials. Id. ¶ 11.

The Illinois Department of Natural Resources (IDNR) issued Class II underground injection control permits to EOR under the Safe Drinking Water Act (42 U.S.C. § 300h). Id. ¶¶ 10, 15. These

permits allowed EOR to operate oil and gas production wells and related underground injection and disposal wells on EOR oil leases located in Sangamon and Christian Counties in Illinois.  Id.  On March 23, 2007, the IEPA filed a complaint before the Illinois Pollution Control Board against EOR and AET alleging that EOR and AET violated 42 U.S.C. § 300h-1, as codified in Illinois by 40 C.F.R. 147.700, by arranging for the illegal transportation of hazardous waste from Colorado to Illinois and for injecting the hazardous waste without first obtaining an IEPA-issued Class I hazardous waste disposal underground injection permit.  Id.  ¶16.

In September 2012, January 2013, and April 2013, the Pollution Control Board issued orders purporting to find that EOR and AET violated the state-authorized regulations implementing the federal Safe Drinking Water Act and Resource Conservation and Recovery Act (42 U.S.C. § 6901) injection bans by injecting or otherwise introducing acid into EOR's Class II and oil wells without a Class I permit.  Id.  ¶ 17.  On December 15, 2015, IEPA issued demand letters to Plaintiffs demanding over $10 million in penalties.  Id. ¶ 18.

Plaintiffs do not mention in the First Amended Complaint that they appealed the Pollution Control Board's final orders to the Illinois Appellate Court, although that information is contained in one of the demand letters Plaintiffs attached as an exhibit to the complaint. See d/e 17-3. A court may take judicial notice of documents in the public record when ruling on a motion to dismiss under Rule 12(b)(6). Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.1 (7th Cir. 2015).

On administrative review, Plaintiffs argued that the IEPA and the Pollution Control Board did not have jurisdiction because (1) the acid material shipped into Illinois was not "waste" or "hazardous waste" and (2) only IDNR had jurisdiction to regulate injections into Class II wells. The Fourth District Appellate Court rejected these arguments. E.O.R. Energy, LLC v. Pollution Control Bd., 2015 IL App (4th) 130443 (2015).

Specifically, the appellate court agreed with the Pollution Control Board that the acid material at issue constituted waste or hazardous waste within the meaning of the Environmental Protection Act (415 ILCS 5/3.220). Id. ¶ 80. In addition, the court rejected Plaintiffs' argument that the acid material injected into the

Class II wells fell within the exclusive regulatory jurisdiction of the IDNR under the Oil and Gas Act. Id. ¶ 91.

The appellate court noted that the General Assembly created a comprehensive statutory structure—known as the Illinois underground injection control (UIC) program—for the regulation of underground injection of materials into wells. E.O.R. Energy, 2015 WL App (4th) 130443, ¶ 83. The Illinois UIC program was promulgated with federal approval pursuant to the federal UIC program, which allows states the option of implementing their own UIC programs that comply with federal standards. Id. The federal UIC program was promulgated under the Safe Drinking Water Act and, to the extent the program deals with hazardous waste, the Resource Conservation and Recovery Act. Id.

The appellate court noted that the Illinois Environmental Protection Act designated the IEPA as the implementing agency for all purposes of the Safe Drinking Water Act, with the exception of section 300h-4 of the Safe Drinking Water Act, which provides the authority for federally approved state programs relating to "(1) the underground injection of brine or other fluids which are brought to the surface in connection with oil or natural gas production or

natural gas storage operations, or (2) any underground injection for the secondary or tertiary recovery of oil or natural gas." Id. ¶ 84. (quoting 42 U.S.C. § 300h-4 (2006)). "Illinois's package of UIC-related statutes and regulations submitted to the federal government for approval provided that Class II wells …be regulated by the IDNR under the Oil and Gas Act. E.O.R. Energy, 2015 WL App (4th) 130443, ¶ 84 (also noting that Class II wells are known as "oil-and-gas-related-injection wells"). The IEPA was given the authority over hazardous-waste injection wells. Id. (citing 35 Ill. Adm. Code 730.105 (2012).

The appellate court found that the Oil and Gas Act provided the IDNR authority only over Class II injections into Class II injection wells, meaning that the IDNR's regulatory power under the UIC program was limited to the injection of fluids associated with oil and gas extraction. Id. ¶ 87. Because the material injected in the case was not a Class II fluid that the IDNR was authorized to regulate, and because the material was an acid material that fell within the Environmental Protection Act's definition of "hazardous waste," the IEPA and the Pollution Control Board had jurisdiction over the injection. Id. ¶ 88. The fact that

the material was injected into a Class II well did not matter for jurisdictional purposes.  Id.

In the First Amended Complaint, Plaintiffs seek a declaratory judgment interpreting and declaring Plaintiffs' rights and obligations under the Safe Drinking Water Act and the Resource Conservation and Recovery Act as codified and applied in Illinois. Specifically, Plaintiffs ask this Court to declare and order that (1) under federal law, Class II injection wells in Illinois are subject only to IDNR regulation and permit requirements, per the express provisions of the Safe Drinking Water Act and Resource Conservation and Recovery Act, as codified at 40 C.F.R. § 147.700 and 701; and (2) under federal law, the IEPA and the Pollution Control Board may not regulate or require a second UIC injection permit under 40 C.F.R. § 147.700 for Class II wells in addition to existing IDNR Class II permits.

Defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that Plaintiffs' action is barred by res judicata and collateral estoppel. Defendants also assert that the Eleventh Amendment bars the action against the IEPA and the Director.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in her favor. Id.

Res judicata and collateral estoppel are affirmative defenses. See Fed.R.Civ.P. 8(c) (listing res judicata); Adair v. Sherman, 230 F.3d 890, 894 (7th Cir. 2000) (collateral estoppel/issue preclusion). Generally, a defendant should raise an affirmative defense in a responsive pleading and then file a motion for judgment on the pleadings. Carr v. Tillery, 591 F.3d 909, 913 (7th Cir. 2010) (also finding that although the district court judge "jumped the gun" by dismissing the case under Rule 12(b)(6), the error was of no consequence because the judge had before him all

the information needed to rule on the defense and the plaintiff did not complain of the error). However, where an affirmative defense is disclosed by the complaint, a Rule 12(b)(6) motion to dismiss is proper. Muhammad v. Oliver, 547 F.3d 874, 878 (7th Cir. 2008). An affirmative defense is "disclosed in the complaint where (1) the facts that establish the defense are definitely ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice; and (2) those facts conclusively establish the defense." Novickas v. Proviso Township High School 209, No. 09-cv-3982, 2010 WL 3515793, at *2 (N.D. Ill. Aug. 21, 2010).

Here, all of the facts relevant to Defendants' res judicata and collateral estoppel defenses are ascertainable from the First Amended Complaint and judicially noticeable records from the Illinois Appellate Court for the Fourth District of Illinois. See First Am. Compl. ¶¶ 16, 17; Attachment B, Illinois Pollution Control Board Complaint (d/e 17-2); Attachment C, Demand Letters (d/e 17-3) (referencing the Board's order, the affirmance by the Illinois Appellate Court for the Fourth District, and the Supreme Court's

denial of leave to appeal); E.O.R. Energy, 2015 IL App (4th) 130443.

Therefore, the Motion to Dismiss is properly brought under Rule 12(b)(6). Defendants bear the burden of proving that res judicata and collateral estoppel bar Plaintiffs' current suit. See ITOFCA, Inc. v. MegaTrans Logistics, Inc., 322 F.3d 928, 933 (7th Cir. 2003).

### III. ANALYSIS

Defendants move to dismiss the First Amended Complaint on several grounds. First, Defendants argue that the claims brought by Plaintiffs are barred by res judicata and collateral estoppel. Second, Defendants argue that the relief sought is barred by the Eleventh Amendment.

**A.  Defendants Have Not Demonstrated That Res Judicata and Collateral Estoppel Apply**

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that

determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Id.

Defendants first argue that this action is barred by res judicata because there has been a final adjudication on the merits of Plaintiffs' claims. Plaintiffs raised in the state court proceedings the issue that the IEPA and the Pollution Control Board lacked jurisdiction over the enforcement proceedings. That claim was actually litigated in the Illinois Appellate Court, and leave to appeal before the Supreme Court of Illinois was denied, and the United States Supreme Court denied certiorari. See E.O.R. Energy, 2015 IL App (4th) 130443, appeal denied 39 N.E.3d 1001 (Ill. 2015), 39 N.E.3d 999 (Ill. 2015), cert. denied 136 S. Ct. 1664 (2016).

A state judgment must be given the same preclusive effect in federal court that it would be given in the court of the rendering state. See J & W Fence Supply Co., Inc. v. United States, 230 F. 3d 896, 898 (7th Cir. 2000); 28 U.S.C. § 1738. Therefore, whether Plaintiffs' claims are barred by res judicata and collateral estoppel depends on the preclusive effect of the state-court judgment under Illinois law.

In Illinois, res judicata applies when there is: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of parties or their privies; and (3) an identity of causes of actions. River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290, 302 (1998). Res judicata extends to every matter that was actually determined in the prior suit as well as every matter that could have been raised and determined. Torcasso v. Standard Outdoor Sales, Inc., 157 Ill. 2d 484, 490 (1993).

Plaintiffs concede that there was a final judgment on the merits and an identity of the parties. EOR Resp. at 10 (d/e 22); AET Resp. adopting EOR Resp. (d/e 21). Plaintiffs argue, however, that there is no identity of cause of action because the issue in the underlying proceeding is different than the issue in this case. Plaintiffs claim that they are not attempting to revisit the issue of whether IEPA and the Pollution Control Board had jurisdiction over the acid material as a hazardous waste. Instead, Plaintiffs claim the federal lawsuit seeks to determine how many permits EOR must obtain to perform acidization of its wells.

In Illinois, separate claims are considered the same cause of action for purposes of res judicata if "they arise from a single group of operative facts, regardless of whether they assert different theories of relief." River Park, 184 Ill. 2d at 311. In the first litigation, the operative facts revolved around Plaintiffs' transportation, storage, and injection of hazardous waste into EOR's wells, which occurred in 2002 through 2004. The Court interprets Plaintiffs' First Amended Complaint as seeking a declaratory judgment that only IDNR has the authority to regulate the injection of acid—as distinguished from hazardous waste—into Class II wells and that EOR does not have to obtain a separate Class I permit from the IEPA to conduct secondary recovery of oil and gas in Illinois. The Court finds that these two issues do not arise from the same operative facts. Plaintiffs are not challenging the determination that the IEPA has jurisdiction over the injection of hazardous waste into Class II wells but instead seeks a determination of whether a second Class I permit from the IEPA is also required for the injection of acid that is not a hazardous waste. Therefore, Defendants have not met their burden of demonstrating that res judicata bars Plaintiffs' claim.

Similarly, the Court finds that collateral estoppel does not apply. Under Illinois law, collateral estoppel applies where (1) the issue decided in the prior adjudication is identical to the issue presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) there is an identity of parties or their privies. Nowak v. St. Rita High School, 197 Ill. 2d 381, 390 (2001). In addition, the decision on the issue must have been necessary for the judgment in the first litigation. Talarico v. Dunlap, 177 Ill. 2d 185, 191 (1997).

The Court finds that these issues are not the same for the same reasons stated with regard to res judicata. The Court notes, however, that the appellate court specifically found that IDNR had "authority only over Class II injections into Class II injection wells," which is similar to the finding Plaintiffs request in this case. See E.O.R. Energy, 2015 WL App (4th) 130443, ¶ 87. However, this determination was not necessary for the judgment in the first litigation such that collateral estoppel does not apply. Therefore, Defendants have not met their burden of demonstrating that collateral estoppel bars Plaintiffs' claim.

**B. Plaintiffs' Do Not Allege an Actual Controversy**

Given the Court's interpretation of the issue raised by Plaintiffs in the First Amended Complaint, the Court questions whether Plaintiffs have demonstrated an actual controversy between the parties as is necessary for declaratory relief. See Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties have adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). The Declaratory Judgment Act does not dispense with the Article III case or controversy requirement and does not itself supply the Court with subject matter jurisdiction. Nationwide Ins. V. Zavalis, 52 F.3d 689, 691-92 (7th Cir. 1995). The "actual controversy" requirement is a distinct and separate jurisdictional question of constitutional dimension. GNB Battery Techs., Inc. v. Gould, Inc., 65 F.3d 615, 520 (7th Cir. 1995); Republic Techs. (NA), LLC v. BK Tobacco & Foods, LLC, No. 16 C 3401, 2016 WL 3633338, at *3 (N.D. Ill. July

7, 2016) (noting that the plaintiff had the burden of establishing subject matter jurisdiction by alleging facts sufficient to show its dispute with the defendant was of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment") (internal quotation marks omitted).

A federal court is obligated to inquire into the existence of jurisdiction <u>sua</u> <u>sponte</u>. <u>Evergreen Square of Cudahy v. Wis. Housing & Economic Development Auth.</u>, 776 F.3d 463, 465 (7th Cir. 2015); Fed.R.Civ.P. 12(h)(3) (providing that if a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action). Here, Plaintiffs have not alleged facts sufficient to show a dispute with Defendants that is of sufficient immediacy and reality to warrant a declaratory judgment. The fact that the IEPA brought an enforcement action against Plaintiffs for the injection of hazardous waste into a Class II well does not suggest that there is a substantial controversy between the parties of sufficient immediacy and reality for the Court to determine whether Plaintiffs have to obtain Class I permits to inject acid (non-hazardous waste) into Class II wells, particularly in light of the finding by the appellate court that IDNR

has the authority over Class II injections into Class II injection wells. Therefore, while the Court denies the motion to dismiss on grounds of re judicata and collateral estoppel, the Court grants the motion to dismiss on the ground that Plaintiffs have failed to allege an actual controversy with Defendants. However, the dismissal is without prejudice to Plaintiffs' right to file an amended complaint if Plaintiffs believe they can allege facts sufficient to demonstrate an actual controversy between the parties. Moreover, because the Court is dismissing the cause for lack of jurisdiction, the Court will not address Defendants' Eleventh Amendment claims at this time.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss First Amended Complaint (d/e 18) is GRANTED. The First Amended Complaint is DISMISSED without prejudice for failure to allege an actual controversy. Plaintiffs are granted leave to file a second amended complaint that contains factual allegations sufficient to demonstrate the existence of an actual controversy between the parties on or before April 14, 2017.

ENTER: March 31, 2017

FOR THE COURT:

       *s/Sue E. Myerscough*
       SUE E. MYERSCOUGH
       UNITED STATES DISTRICT JUDGE